CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

DEC 14 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

TEDDY DOUGLAS MCCLANAHAN,  )
   Petitioner,  )   Civil Action No. 7:06-cv-00393
   )
v.  )   **MEMORANDUM OPINION**
   )
TRACY RAY, WARDEN,  )   By: Hon. James C. Turk
   Respondent.  )   Senior United States District Judge

Petitioner Teddy Douglas McClanahan, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. McClanahan challenges the validity of his confinement under the May 19, 2005, judgment of the Circuit Court for Tazewell County, convicting and sentencing him on a charge of concealment, in violation of Va. Code Ann. § 18.2-103. He is currently serving the prison term imposed for that offense–six years, with three years suspended. The respondent filed a motion to dismiss and petitioner responded, making the matter ripe for the court's consideration. Upon review of the record, the court concludes that the motion to dismiss must be granted.

I.

McClanahan pled guilty to the concealment charge, and an additional charge of petit larceny, third or subsequent offense was nolle prosequied. No appeal was filed. McClanahan filed a habeas petition in the Supreme Court of Virginia on May 18, 2005, alleging that he had been deprived of his speedy trial rights under Va. Code Ann. § 19.2-243, the Sixth Amendment, and Article I, Section 8 of the Virginia Constitution. The Supreme Court of Virginia dismissed his petition on June 21, 2006, under the rule of Slayton v. Parrigan, 205 S.E.2d 680 (1974) (finding that claims which could have been raised on direct appeal cannot be raised in state habeas petition). McClanahan filed his federal petition in late June 2006.[1]

---

[1] McClanahan's federal petition is all but identical to his habeas petition in the Supreme Court of Virginia, raising statutory and constitutional speedy trial claims.

1

II.

McClanahan has exhausted state court remedies as required under 28 U.S.C. § 2254(b) because it is undisputed that he has no such remedies available at this time. See Teague v. Lane, 489 U.S. 288, 298 (1989). His claims are nevertheless barred from federal habeas review under the doctrine of procedural default.

When a state supreme court has expressly relied on petitioner's procedural default as an adequate and independent state law ground for denying relief on a claim, federal habeas review of that claim is normally barred. See Harris v. Reed, 489 U.S. 255, 262 (1989); Wainwright v. Sykes, 433 U.S. 72, 87 (1977). A federal court may review such defaulted claims only if petitioner excuses his default through a showing of cause and prejudice or a showing of actual innocence. Harris, 489 U.S. at 262. The United States Court of Appeals for the Fourth Circuit has "consistently found the rule in Slayton to constitute an independent and adequate state procedural rule for the purposes of federal habeas procedural default analysis." Goins v. Angelone, 226 F.3d 312, 328 (4th Cir. 2000). As stated, the Supreme Court of Virginia dismissed McClanahan's speedy trial claims under Slayton. Thus, these claims are procedurally defaulted and barred from federal habeas review absent a showing of cause and prejudice or actual innocence.

McClanahan argues that ineffective assistance of counsel caused his failure to raise the speedy trial claims properly at trial and on appeal.[2] Errors of counsel may serve as cause to excuse the procedural default of a specific constitutional claim, but only if petitioner demonstrates (1) that the errors were so egregious that they violated petitioner's constitutional right to effective assistance of counsel, Strickler v. Green, 527 U.S. 263, 283 (1999), and (2) that the ineffective assistance claim itself is not procedurally defaulted, Edwards v. Carpenter, 529 U.S. 446, 453 (2000). Because McClanahan failed to raise any habeas claim to the Supreme Court of Virginia regarding counsel's alleged ineffective assistance in failing to pursue the speedy trial claim on appeal, the ineffective

---

[2] At trial, counsel argued that the charges against McClanahan should be dismissed under the state speedy trial statute, Va. Code Ann. § 19.2-243. He did not raise any constitutional speedy trial issues. McClanahan did not appeal any of the speedy trial issues.

2

assistance claim is procedurally defaulted, Teague, 489 U.S. at 298, and cannot serve as cause to excuse McClanahan's default of the speedy trial claims. As he fails to offer any other viable cause for defaulting his claims, show resulting prejudice, or present a colorable claim of actual innocence, this court must grant the motion to dismiss on the ground of procedural default as to McClanahan's federal habeas claims. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 30 days of the date of entry of the final order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 14th day of December, 2006.

*/s/ James C. Turk*
Senior United States District Judge

3